UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. TEAGUE,

      Plaintiff,

Case No. 2:20-cv-13038

HONORABLE STEPHEN J. MURPHY, III

v.

DAVID S. LEYTON and
KAREN HANSON,

      Defendants.
                                /

## OPINION AND ORDER DISMISSING THE CASE

Plaintiff Larry Edward Teague, Jr. is a pretrial detainee incarcerated at the Genesee County Jail. ECF 1, PgID 2. He filed a pro se complaint under 28 U.S.C. § 1983. *Id.* at 4. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in the action under 28 U.S.C. § 1915(a)(1). ECF 4. After careful consideration of the complaint, the Court will dismiss the case.

### BACKGROUND

On September 1, 2020, Plaintiff was bound over for trial in the Genesee Circuit Court on charges of first-degree murder and commission of a felony with a firearm. *See Case Register of Actions for Larry E. Teague, Jr.*, 7th Judicial Circuit Court, Genesee Cnty., Mich., (Nov. 11, 2020), https://bit.ly/3nHBL8X [https://perma.cc/LAK3-2F48]. The docket sheet shows that a pretrial hearing for the Michigan state court proceeding is scheduled for December 3, 2020. *Id.*

Plaintiff is now attempting to sue the Genesee County Prosecutor David S. Leyton and assistant prosecutor Karen Hanson in federal court. ECF 1, PgID 1. Plaintiff claims that Defendant Leyton improperly issued a press release and appeared on national news stating that Plaintiff was guilty of murdering an "unarmed pillar of our community." *Id.* at 7. Plaintiff further asserts that both Defendants then overcharged him and improperly influenced witnesses' testimony at the preliminary examination. *Id.* at 7–8.

Plaintiff argues that as a result of Defendant's actions he is wrongfully being held as a pretrial detainee and suffers from mental anguish, depression, emotional distress, and financial loss. *Id.* at 9. The complaint seeks $2,500 for each day of wrongful incarceration. *Id.* at 9–10.

## LEGAL STANDARD

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. ECF 4. Under the Prison Litigation Reform Act of 1996, the Court must sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court must dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it

2

lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court liberally construes a pro se civil rights complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Still, Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although the notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that(1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) a person acting under color of state law caused the deprivation. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## DISCUSSION

The complaint challenges the legality of two Michigan state prosecutors' actions in an ongoing state criminal proceeding that led to Plaintiff's imprisonment as a pretrial detainee. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not for testing the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does

3

not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). *Heck* is clear that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. That rationale extends to civil rights actions filed by pretrial detainees. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700–01 (9th Cir. 1996) and *Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir. 1996)); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (finding *Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 349 (6th Cir. 2003) (finding pretrial detainee's speedy trial and ineffective assistance claims barred by *Heck*); *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (finding pretrial detainee's civil rights claims challenging his pending state criminal proceeding barred by *Heck*).

If Plaintiff were to prevail, his continued confinement as a pretrial detainee would be questioned. Thus, review of the allegations in the complaint concerning the legality of his pending criminal prosecutions are barred by *Heck*.

Additionally, to the extent Plaintiff is suing Defendants in their individual capacity, Defendants are entitled to absolute immunity. It is well-settled that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). The immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 126, 129 (1997), and the decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). This immunity may even apply when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to grand jury). Defendants are thus entitled to absolute immunity on any personal claims for damages arising from their advocacy in Plaintiff's state criminal proceedings.

Finally, the Court finds that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The case is therefore closed.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the complaint [1] is **DISMISSED** for failure to state a claim upon which relief can be granted and the application of prosecutorial absolute immunity.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: November 23, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 23, 2020, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager